IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **COMMUNITY CONNECTIONS, INC.,** | * | |
| Petitioner | * | |
| v. | * | Case No.: RWT 07cv3282 |
| **RICARDO PARKER D/B/A** | * | |
| **PARKER DESIGN CONCEPTS;** | * | |
| **E. CHARMAINE PARKER D/B/A** | * | |
| **PARKER DESIGN CONCEPTS,** | * | |
| Respondents. | * | |

## MEMORANDUM OPINION

"What we've got here is a failure to communicate." Cool Hand Luke (Warner Bros. 1967). Although the Clerk of Court properly entered a default against Respondents Ricardo Parker and E. Charmaine Parker after they failed to answer or otherwise respond to Petitioner Community Connections, Inc.'s Amended Petition to Confirm and Enforce Arbitration Award, it appears that Petitioners may not have subsequently received timely notice of the Order of Default or a memorandum scheduling a hearing on Petitioner's Motion for Default Judgment. For the reasons set forth below, the Court will set aside the entry of default and default judgment.

## PROCEDURAL HISTORY

On December 10, 2007, Petitioner Community Connections, Inc. filed a Petition to Confirm and Enforce Arbitration Award (Paper No. 1) against Parker Design Concepts, a trade name registered to Charmaine Parker. Petitioner served Ricardo Parker. (Paper No. 4.) On November 6, 2008, the Court held a hearing on Petitioner's Motion for Default Judgment. (Paper Nos. 14, 15, & 16.) Ricardo Parker, *pro se*, appeared for the hearing. Following the hearing, the Court entered an Order denying Petitioner's Motion for Default Judgment, granting

Petitioner leave to file an amended petition to enforce the arbitration award, and requiring Petitioner to effectuate service on the proper defendant named in its amended petition. (Paper No. 14.)

On December 22, 2008, Petitioner filed an Amended Petition to Confirm and Enforce Arbitration Award ("Amended Petition") against Ricardo Parker and E. Charmaine Parker, both doing business as Parker Design Concepts. (Paper No. 17.) Petitioner effectuated valid service of process on Respondents Ricardo Parker and E. Charmaine Parker, in accordance with Federal Rule of Civil Procedure 4(m). (Paper No. 24.) No response was filed by Respondents. Petitioner then filed a Motion for Entry of Default (Paper No. 25) and a Motion for Default Judgment (Paper No. 26).

On August 21, 2009, the Court issued a memorandum scheduling a hearing for September 22, 2009 on the Amended Petition. (Paper No. 27.) The memorandum cautioned that the Court may decide the motion on the pleadings before the date scheduled for argument. *Id.* On September 11, 2009, the Court entered a paperless memorandum clarifying that arguments on all pending motions would be heard on September 22, 2009. (Paper No. 28.)

Because Respondents failed to respond to the Amended Petition, the Clerk entered a default against Respondents on September 15, 2009. (Paper No. 29.) On the same day, the Court signed an order cancelling the hearing and granting Petitioner's Amended Petition and Motion for Default Judgment. (Paper No. 30.)

Respondent subsequently appeared on September 22, 2009 for the cancelled hearing and two days later filed a "Motion for Reconsideration" (Paper No. 31). The Court will construe Respondent's motion as a motion to set aside the default under Fed. R. Civ. P. 55(c) and set aside the default judgment under Fed. R. Civ. P. 55(c) and 60(b).

## ANALYSIS

Under the Federal Rules of Civil Procedure, a court may set aside a default for good cause, *see* Fed. R. Civ. P. 55(c), and may set aside a default judgment for, *inter alia*, mistake, inadvertence, surprise or excusable neglect, or for any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). The Fourth Circuit has repeatedly noted that these rules should be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments, and that any doubts as to whether the relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits. *See, e.g.*, *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

The Court can neither act as counsel for a *pro se* litigant nor excuse a *pro se* litigant's failure to comply with the Federal Rules of Civil Procedure, the Local Rules, or the orders of this Court due to ignorance of the law. Respondents were served with the Amended Petition to Confirm and Enforce Arbitration Award but failed to respond within the time required. Respondents were also served with Petitioner's Motion for Entry of Default and Motion for Default Judgment. (*See* Paper No. 26, Ex. 7.) Respondents still failed to respond. As a result, the Clerk properly entered an Order of Default.

However, it is unclear from the record whether and, if so, when the Court or Clerk of Court sent Respondents copies of (i) the August 21, 2009 memorandum scheduling a hearing for September 22 and advising that the Court may rule on the motions without oral argument (Paper No. 27); (ii) the September 11, 2009 paperless memorandum clarifying that arguments on all pending motions would be heard at the hearing (Paper No. 28); and (iii) the Order of Default (Paper No. 29). Respondents assert that they first became aware of the Court's August 21, 2009 memorandum and the September 22, 2009 hearing when Petitioner, even though not required to do so, sent them a copy of the memorandum by e-mail and Federal Express on September 18,

2009. (Paper No. 31.) Respondents therefore allegedly received the memorandum *after* the Court cancelled the hearing and granted a default judgment.

Recognizing that *pro se* Respondents may not have received timely notice of the entry of default or the default judgment hearing, then appeared on September 22, 2009 to address the merits of the case after the hearing had been cancelled, and subsequently filed a motion requesting that they be allowed to present a defense, the Court, finding that the relief is justified, will generously set aside the default judgment.

Furthermore, the Court, good cause having been shown, will set aside the default and direct that Respondents file, on or before January 22, 2010, an answer to the Amended Petition. If Respondents fail to file an answer within the time allotted, Petitioner may move again for the entry of a default. Alternatively, if Respondents file a timely answer, Petitioner is granted leave to file a motion for summary judgment on or before February 5, 2010, Respondents shall file any opposition thereto on or before February 12, 2010, and Petitioner shall file any reply on or before February 19, 2010. A separate order follows.


<u>January 12, 2010</u>                              <u>          /s/          </u>
Date                                             Roger W. Titus
                                                 United States District Judge