**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **COMMUNITY CONNECTIONS, INC.,** | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Case No.: RWT 07cv3282 |
| | * | |
| **RICARDO PARKER D/B/A** | * | |
| **PARKER DESIGN CONCEPTS;** | * | |
| **E. CHARMAINE PARKER D/B/A** | * | |
| **PARKER DESIGN CONCEPTS,** | * | |
| | * | |
| Respondents. | * | |
| | * | |

## MEMORANDUM OPINION

Petitioner Community Connections, Inc. ("Community Connections") instituted this action against Respondents Ricardo Parker and E. Charmaine Parker, both doing business as Parker Design Concepts, seeking to confirm and enforce an arbitration award against Parker Design Concepts.

## BACKGROUND AND PROCEDURAL HISTORY

On June 29, 2007, Petitioner Community Connections obtained an arbitration award from the American Arbitration Association against Parker Design Concepts, a trade name used by Respondents, for Parker Design Concepts' failure to perform under the terms of a construction agreement. *See* Petition Ex. D. Five months later, Petitioner brought the instant action to confirm and enforce the arbitration award. *See generally* Petition ¶¶ 1-33.

After several false starts,[1] on January 12, 2010, the Court vacated and set aside its previous order entering default judgment against Respondents Ricardo Parker and E. Charmaine Parker and granted (i) Petitioner until February 5, 2010, to file a motion for summary judgment, (ii) Respondents until February 12, 2010, to file an opposition thereto, and (iii) Petitioner until February 19, 2010 to file a reply.  *See* Paper Nos. 33, 34.  Petitioner filed a Motion for Summary Judgment, *see* Paper No. 36, but Respondents failed to file an opposition within the time allotted.

On February 16, 2010, the Court issued a letter to Respondents directing them to file a response to Petitioner's Motion for Summary Judgment on or before March 2, 2010.  *See* Paper No. 37.  Respondents filed an Opposition on March 2, 2010, *see* Paper No. 38, and Petitioner then filed a Reply, *see* Paper No. 39.

## STANDARD OF REVIEW

In evaluating a summary judgment motion, the Court must assess whether there are any issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006); Fed. R. Civ. P. 56.  "[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2); *see also Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).  When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

---

[1] Recognizing that Respondents are proceeding *pro se*, the Court during the course of this litigation twice vacated entries of default, vacated an order entering default judgment, and granted, *sua sponte*, an extension of time to respond to a motion for summary judgment.

<u>**ANALYSIS**</u>

In their Opposition to Petitioner's Motion for Summary Judgment, Respondents argue that they are not responsible for the arbitration award against Parker Design Concepts and that Petitioner "should not be allowed to pierce the corporate veil."  Respondents' Opp'n ¶ 8. Respondents state that they were not parties to the arbitration proceeding and that Respondent E. Charmaine Parker appeared only as a witness.  *See id.* ¶ 4.  *Cf.* Answer ¶ 16 (admitting that Respondents were present at the arbitration hearing and that Respondent Ricardo Parker was "present with counsel").

However, Respondents cannot defeat summary judgment by relying "merely on allegations or denials."  Fed. R. Civ. P. 56(e)(2).  Respondents have failed to provide affidavits or any other factual or legal support indicating that they should not be liable for the arbitration award against Parker Design Concepts.  Nor can they.  Respondents unequivocally did business as Parker Design Concepts.  For example:

- Respondent Ricardo Parker signed the construction agreement on behalf of Parker Design Concepts, *see* Petitioner's Mot. for Summ. J. Exs. A, B;

- Respondent Ricardo Parker told this Court at a hearing on November 6, 2008 that he was the "contractor that was hired by Community Connections," Mot. Hr'g Tr. 2:14-15, Nov. 6, 2008;

- Parker Design Concepts' website listed Respondent Ricardo Parker as "owner and proprietor," Petitioner's Mot. for Summ. J. Ex I;

- Respondent Ricardo Parker sent invoices using Parker Design Concepts letterhead, *see id.* Ex. K, and accepted checks and wire transfers made to Parker Design Concepts, *see id.* Ex. L;

- Respondent Ricardo Parker filed a Notice of Mechanic's Lien on May 5, 2006 with the District of Columbia Office of Tax and Revenue against Petitioner's Property, listing the claimant as "Parker Design Concepts / Ricardo Parker," *see id.* Ex. D;

- Respondent E. Charmaine Parker is the registered owner of the Parker Design Concepts trade name, *see* Answer ¶ 10; Petitioner's Mot. for Summ. J. Ex. S; and

- Respondent E. Charmaine Parker performed various tasks in connection with the Community Connections contract, including requesting and receiving payments, *see* Petitioner's Mot. for Summ. J. Exs. T, U, V, W, X, L.

Respondents cannot shield themselves from liability through a trade name.  *See, e.g.*, *Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 635 n.2 (4th Cir. 2002) (explaining that a trade name is not a separate entity capable of being sued); *see also Plumbers' Pension Fund, Local 130, U.A. v. Wright*, No. 86 C 1485, 1987 U.S. Dist. LEXIS 3674, at *4-6 (N.D. Ill. Apr. 30, 1987) (finding individual doing business under a trade name personally liable for arbitration award against the trade name).  Respondents, doing business as Parker Design Concepts, are jointly and severally liable for the arbitration award.

Because there are no genuine issues of material fact and Petitioner is entitled to judgment as a matter of law, the Court, by separate Order, shall grant summary judgment in favor of Petitioner and against Respondents.

A separate Order follows.

March 10, 2010                              /s/
Date                                        Roger W. Titus
                                            United States District Judge